## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRY LEE DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 1:22-cv-121-ACL |
| DAN SEGERS, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Terry Lee Davis, a pretrial detainee at the Stoddard County Jail in Bloomfield, Missouri, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $18.22. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action as legally frivolous and for failure to state a claim upon which relief may be granted.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his certified inmate account statement. ECF No. 3. A review of plaintiff's account from the relevant period indicates an average monthly deposit of $91.08 and an average monthly balance of $9.65. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.22, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against two defendants in their official capacities only: (1) Dan Segers, Head Jailer and Superintendent of the Stoddard County Sheriff's Office; and (2) Sheriff Carl Hefner. He alleges defendant Segers denied him "the right to order books, magazines, and newspapers" from February 22, 2022 to September 15, 2022. Plaintiff asserts the "blanket ban" was "put in place" by defendant Hefner. He further alleges that on August 1, 2022, he "received clearly marked legal mail from Clerk of U.S. District Ct. Eastern District of Mo. which has been opened outside [his] presence." Plaintiff does not allege that either defendant opened the legal mail or had anything to do with the screening of his mail.

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims.

Plaintiff indicates he is suing both defendants in their official capacities only. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Plaintiff alleges both defendants are employed by the Stoddard County Sherriff's Office. A Sherriff's Office or Jail, however, are not distinctly suable entities under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous and/or fails to state a claim against the defendants in their official capacities who are employees of the Sherriff's Office. *See Owens v. Stoddard Cnty. Jail*, 2022 WL 3585609, at *3 (E.D. Mo. Aug. 22, 2022) (dismissing claims against Carl Hefner in his official capacity because "official capacity claims against Hefner are the

4

equivalent of claims against his employer" and the Stoddard County Sheriff's Department is not an entity that can be sued under § 1983.").

To the extent plaintiff can be understood to identify either defendant as a municipal employee (*e.g.*, an employee of the County), his official capacity claims still fail because the complaint is devoid of any allegations against the municipality itself. Unlike a Sheriff's Office or Jail, a local governing body such as Stoddard County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no allegations that Stoddard County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any County policy or custom in the complaint, and there are no allegations regarding a pattern of similar constitutional violations by other Stoddard County employees. Stoddard County is not mentioned in the statement of the claim. Therefore, plaintiff's official capacity claims against all defendants are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where

plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Even if plaintiff had sued defendants in their individual capacities, his claims would fail. First, plaintiff alleges he was "denied the right to order books, magazines, and newspapers." ECF No. 1 at 3. However, "[a]n inmate has no right to access to books and reading materials sent from outside sources." *Riley v. Crawford*, 2007 WL 1110621, at *3 (W.D. Mo. Apr. 11, 2007). "Absent a specific allegation such as denial of religious reading material, the denial of reading materials from outside sources does not state a claim." *Id. See also Conn v. St. Charles Cnty. Jail*, 2007 WL 2994271, at *2 (E.D. Mo. Oct. 11, 2007) (plaintiffs' claim for denial of reading materials failed to rise to the level of a constitutional violation because they did not allege a complete withholding). Here, plaintiff only alleges he was unable to order reading materials. He did not allege there were no alternative books or magazines that he could have requested within the Jail.

Second, as to the opening of his legal mail, plaintiff does not explain how either defendant was personally involved in or directly responsible. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

For the foregoing reasons, the Court concludes that plaintiff's complaint is frivolous and/or fails to state a claim upon which relief may be granted. It would be futile to permit plaintiff the opportunity to file an amended complaint because there is no indication that his claims arise from

6

conduct that invades a federally-protected right. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $18.22 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or for legal frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __11__ day of October, 2022.

                                                               /s/ Stephen N. Limbaugh, Jr.
                                                      STEPHEN N. LIMBAUGH, JR.
                                                      SENIOR UNITED STATES DISTRICT JUDGE